THE GOODYEAR DENTAL VULCANITE COMPANY AND
JOSIAH BACON, APPELLANTS, v. MARCELLUS M. FRIS-
SELLE AND HYMAN ROSA, RESPONDENTS.

*Judgment of the United States Circuit Court—an action will lie thereon, though
it has been docketed, without first obtaining the leave of the court—Code, § 71.*

A judgment of the United States Circuit Court, though docketed in a county
clerk's office, still remains a judgment of that court, and an action can be
brought thereon without first obtaining leave from the court so to do,
as is required by section 71 of the Code when an action is to be brought
upon a judgment recovered in a court of this State.

APPEAL from a judgment in favor of the defendants, entered
upon the trial of this action by the court without a jury.

This action was brought, without leave of the court, upon a judg-
ment recovered by these plaintiffs against these defendants, on
February 18, 1876, in the United States Circuit Court for the
Southern District of New York, a transcript of which judgment
was, on March 20, 1876, docketed in the office of the clerk of the
county of Ulster, in pursuance of section 39 of chapter 470 of
1847.

The question involved was whether or not such an action could be maintained, without first obtaining the leave of the court so to do.

*W. H. L. Lee,* for the appellants.

*J. E. Van Etten,* for the respondents.

PER CURIAM:

Although the judgment had been docketed in a county clerk's office, yet it still remained a judgment of the United States Circuit Court. It did not become a judgment of a court of this State. And therefore leave to sue them was not necessary under section 71 of the old Code.

The case of *Tompkins* v. *Purcell* (12 Hun, 662), in the First Department, decides an analogous point; that is, that proceedings supplementary cannot be taken in the Supreme Court on a judgment of the United States Court, although it has been docketed in the office of a county clerk.

As a general rule, a party has a right to sue on any cause of action which he holds. Any statutory exception to that right must be distinctly expressed.

The language of the section above cited does not distinctly, or by implication, include judgments recovered in courts other than those of this State. Nor do we think that the policy of the statute applies to any others. It is sufficient to notice in this connection that the decision above cited is a good reason why the plaintiff should desire to have a judgment in a court of this State.

The judgment must be reversed, and a new trial granted, costs to abide the event.

Present—LEARNED, P. J., and BOCKES, J.

Judgment reversed, new trial ordered, costs to abide event.